## MATTER OF ALBERT N. MOORE, AN INFANT PETITIONER.

PETITION FOR WRIT OF MANDAMUS.

No. 17, Original.   Argued March 9, 1908.—Decided April 20, 1908.

In either case, the filing by the defendant of a petition for removal, the filing by the plaintiff after removal of an amended complaint or the giving of a stipulation for continuance, amounts to the acceptance of the jurisdiction of the Circuit Court.

A next friend may select one of several tribunals in which the infant's case shall be tried, and may elect to accept the jurisdiction of the Federal court to which the case may be removed.

While consent cannot confer on a Federal court jurisdiction of a case of which no Federal court would have jurisdiction, either party may waive

the objections that the case was not brought in, or removed to, the particular Federal court provided by the statute.

Nothing in *Ex parte Wisner*, 203 U. S. 449, changes the rule that a party may waive the objection to the jurisdiction in respect to a particular court where diversity of citizenship actually exists.

THIS is an application by petitioner for a writ of mandamus to compel the Circuit Court of the United States for the Eastern Division of the Eastern Judicial District of Missouri to remand the case of this petitioner. *v.* The Louisville and Nashville Railroad Company to the state court, from whence it came.

The facts are these: On November 16, 1906, Albert Newton Moore, an infant, over the age of fourteen years, presented his petition to the Circuit Court of the city of St. Louis, Missouri, stating that he desired to institute a suit in that court against the Louisville and Nashville Railroad Company, and praying for the appointment of a next friend, whereupon George Safford, of St. Louis, was duly appointed such next friend. Thereupon a petition was filed in said state court in the name of Moore, by his next friend, against the Louisville and Nashville Railroad Company; to recover damages for personal injuries. After service of summons, but before answer was due, the railroad company filed its application for removal to the Circuit Court of the United States for the Eastern Division of the Eastern Judicial District of Missouri. This application for removal was based on the ground of diverse citizenship, and alleged that the plaintiff Moore was a citizen and resident of the State of Illinois; that Safford, the next friend, was a resident and citizen of the State of Missouri, and the defendant, a corporation created and existing under the laws of the State of Kentucky and a citizen and resident of that State. The petition and bond were in due form, and the case was transferred to the United States Circuit Court. Thereafter, and on March 22, 1907, the plaintiff filed in that court an amended petition. On March 25, by stipulation of the parties, the defendant was given time to plead to the plaintiff's amended petition. Three or four times thereafter stipu-

lations for continuances were entered into by the counsel for both sides. At the September term, 1907, a motion to remand, made by the plaintiff, was overruled, and a subsequent application to reconsider this ruling was also overruled. Thereupon this application for mandamus was presented.

*Mr. Thomas T. Fauntleroy* and *Mr. Shepard Barclay,* for petitioner, submitted:

The petition for removal discloses by affirmative facts that the case was not removable, and hence the jurisdiction of the state court was not divested, but continues. The Federal law ordains that where the foundation of jurisdiction in the Federal court rests upon diverse citizenship "suit shall be brought only in the district of the residence of either the plaintiff or the defendant." 25 Stat. c. 366, p. 434; 4 Fed. Stats. An., p. 366.

This is a prohibition as well as an authority. It excludes (by use of the word "only") Federal jurisdiction in cases where suit is brought otherwise than as authorized, in the district of residence of either plaintiff or defendant.

When the removal petition was filed in the state court this cause was not removable on the facts therein alleged. Those facts made a clear showing that the cause was not subject to be removed. Hence the jurisdiction of the state court was not divested. It continues, despite the filing of the insufficient and totally deficient petition for removal. *Crehore* v. *Ohio &c. Ry.,* 131 U. S. 244; *Ayres* v. *Wiswall,* 112 U. S. 190, 191; *Young* v. *Parker,* 132 U. S. 267, 271; *La Confiance Comp'ie* v. *Hall,* 137 U. S. 61; *Stevens* v. *Nichols,* 130 U. S. 230; *Kellam* v. *Keith,* 144 U. S. 568; *Graves* v. *Corbin,* 132 U. S. 571; *Jackson* v. *Allen,* 132 U. S. 34; *Mattingly* v. *Railroad,* 158 U. S. 53.

. A plaintiff, by appearing in the Federal court after the removal of the cause, and obtaining leave to file an amended complaint, does not thereby waive his right to move to remand. *Endy* v. *Ins. Co.,* 24 Fed. Rep. 657; *State* v. *Potter,*

16 Kansas, 80; *Robinson* v. *Walker*, 45 Missouri, 120; *Moulder* v. *Anderson*, 63 Mo. App. 39; *Latham* v. *Edgerton*, 9 Cow. 229; *Cameron* v. *Hodges*, 127 U. S. 325; *Turnbull* v. *Ross*, 141 Fed. Rep. 649; *Crane Co.* v. *Guanica Centrale*, 132 Fed. Rep. 713; *Cella* v. *Brown*, 144 Fed. Rep. 724; *Mitchell Co.* v. *Worthington*, 140 Fed. Rep. 947; *Stevens* v. *Nichols*, 130 U. S. 230; *Mattingly* v. *Railroad*, 158 U. S. 53; *Graves* v. *Corbin*, 132 U. S. 585; *Merchants Co.* v. *Ins. Co.*, 151 U. S. 384; *Railway* v. *Twitchell*, 59 Fed. Rep. 727; *Crasswell* v. *Belanger*, 56 Fed. Rep. 529; *MacNaughton* v. *Railway*, 19 Fed. Rep. 881; *Indiana* v. *Lake Erie &c. R. Co.*, 85 Fed. Rep. 2; *Frisbie* v. *Chesapeake &c. R. Co.*, 57 Fed. Rep. 1; *Southworth* v. *Reid*, 36 Fed. Rep. 451; *Bronson* v. *St. Croix Lumber Co.*, 35 Fed. Rep. 634; *Indiana* v. *Tolleston Club*, 53 Fed. Rep. 18; *Wabash R. Co.* v. *Barbour*, 73 Fed. Rep. 513; *Mexican Nat. R. Co.* v. *Davidson*, 157 U. S. 201; *Ayers* v. *Watson*, 113 U. S. 598; *Mansfield &c. R. Co.* v. *Swan*, 111 U. S. 379; *Martin* v. *Baltimore &c. R. Co.*, 151 U. S. 690; 18 Enc. Pl. & Pr. 369.

The right of removal is determined by the facts as disclosed by the removal petition, and if the latter is defective in substance (and, for stronger reason, if it affirmatively shows, as in the case at bar, that the cause is not removable), neither consent nor failure to raise the issue of jurisdiction can impart life to the attempt at removal. *Baxter Co.* v. *Mfg. Co.*, 154 Fed. Rep. 992; *Yellow Aster Co.* v. *Crane Co.*, 150 Fed. Rep. 580; *Goldberg Co.* v. *Ins. Co.*, 152 Fed. Rep. 834; *In re Hohorst*, 150 U. S. 653; *Cochran* v. *Montgomery County*, 199 U. S. 260.

If it were possible for a competent party to "waive the question of jurisdiction," such a rule could not apply to the case of an infant plaintiff, whose incapacity to waive any substantial right the courts should always protect. *Coal Co.* v. *Hays*, 97 Alabama, 201 (12 So. Rep. 98); R. S. Mo., 1899, § 556; 10 Ency. Pl. & Pr., p. 613 and cases; *Nagel* v. *Schilling*, 14 Mo. App. 576; *Ingersoll* v. *Mangam*, 84 N. Y. 622; *Carver* v. *Carver*, 64 Indiana, 194; *Martin* v. *Starr*, 7 Indiana, 224; *Gray* v. *Palmer*, 9 California, 616; *Frazier* v. *Pankey*, 1 Swan (Tenn.),

75; *Clark* v. *Thompson*, 47 Illinois, 25; *Bonnell* v. *Holt*, 89 Illinois, 72; *Dickison* v. *Dickison*, 124 Illinois, 483; *Fitch* v. *Cornell*, 1 Sawy. (U. S.) 157; *Greenman* v. *Harvey*, 53 Illinois, 386.

The rule in Missouri on this subject is unquestionable. *Hendricks* v. *McLean*, 18 Missouri, 32; *Gibson* v. *Chouteau*, 39 Missouri, 537; *Shaw* v. *Gregoire*, 41 Missouri, 407; *Railroad* v. *Campbell, Nelson & Co.*, 62 Missouri, 585; *Campbell* v. *Laclede Gas Light Co.*, 84 Missouri, 352; *Fischer* v. *Siekmann*, 125 Missouri, 165; *Bogart* v. *Bogart*, 138 Missouri, 419; *Wright* v. *Hink*, 193 Missouri, 130; *McMurtry* v. *Fairly*, 194 Missouri, 502; *S. C.*, 91 S. W. Rep. 90.

*Mr. Harold R. Small*, with whom *Mr. Harvey L. Christie* and *Mr. P. Taylor Bryan* were on the brief, for respondent:

Mandamus will not serve as a writ of error to review an exercise of judicial discretion by the United States Circuit Court in determining that a cause should not be remanded to the state court, unless the Circuit Court of the United States has abused its discretion. *In re Pollitz*, 206 U. S. 323 (1906); *Ex parte Hoard*, 105 U. S. 578; Taylor's Jurisdiction and Procedure in the U. S. Sup. Ct. § 316.

Where plaintiff and defendant are citizens of different States and are non-residents of the State and district in which a suit is brought in the state court and the amount involved is over $2,000, the jurisdiction of the United States Circuit Court attaches on removal thereto by defendant if a voluntary general appearance is made therein by plaintiff without objection by him that he is not a resident of the district. *Whelan* v. *New York &c. R. Co.*, 35 Fed. Rep. 858; *Gordon* v. *Longest*, 16 Pet. 97; *Pollard et al.* v. *Dwight et al.*, 4 Cranch, 421; *Gracie* v. *Palmer*, 8 Wheat. 699; *Toland* v. *Sprague*, 12 Pet. 300; *Ex parte Schollenberger*, 96 U. S. 369; *Claflin* v. *Ins. Co.*, 110 U. S. 81, 88; *First Nat. Bank* v. *Morgan*, 132 U. S. 141; *McCormick Co.* v. *Walthers*, 134 U. S. 41; *St. Louis &c. Ry.* v. *McBride*, 141 U. S. 127; *Empire Wire Co.* v. *Empire Mining Co.*, 150 U. S. 159; *Central Trust Co.* v. *McGeorge*, 151 U. S. 129; *Mar-*

*tin's Admr.* v. *B. & O. R. R. Co.*, 151 U. S. 673; *Mexican Nat. R. R. Co.* v. *Davidson*, 157 U. S. 201; *Interior Construction &c. Co.* v. *Gibney*, 160 U. S. 217; *Ex parte Wisner*, 203 U. S. 449, discussed and distinguished.

A next friend, a citizen of Missouri, appointed under the laws of Missouri to prosecute a suit for an infant of Illinois against a defendant of Kentucky, can, on removal of the suit to the Circuit Court of the United States by the non-resident defendant on the ground of diverse citizenship, elect to submit to the jurisdiction of the Circuit Court of the United States or to have the cause remanded to the state court on the ground that the infant is not a resident of the district.

As the plaintiff chose to and did submit to the jurisdiction of the court, and as the jurisdiction of the court thereby attached, the next friend cannot thereafter reconsider his choice and have the court divested of its jurisdiction by his motion to remand the cause to the state court. Revised Statutes of Missouri, 1899, §§ 551, 552, 554, 556 and 557; *Dillon* v. *Bowles*, 77 Missouri, 603; Moon on Removal of Causes, § 70, p. 118; *Raming* v. *Metropolitan Street Ry.*, 157 Missouri, 477, 514; *Kingsbury* v. *Buckner*, 134 U. S. 650.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

It was held in *Ex parte Wisner*, 203 U. S. 449, that:

"Under sections 1, 2, 3 of the act of March 3, 1875, 18 Stat. 470, as amended by the act of March 1, 1887, 24 Stat. 552, corrected by the act of August 13, 1888, 25 Stat. 433, an action commenced in a state court, by a citizen of another State, against a non-resident defendant, who is a citizen of a State other than that of the plaintiff, cannot be removed by the defendant into the Circuit Court of the United States."

On the authority of this case it is contended by petitioner that as in this action none of the parties were citizens of the State of Missouri, it could not be removed by the defendant

into the Circuit Court of the United States, and that upon
the failure of the United States Circuit Court to remand the
case to the state court in which it was originally brought
mandamus from this court is an appropriate remedy. But in
that case the plaintiff never consented to accept the jurisdic-
tion of the United States court, while in this case it is con-
tended that both parties did so consent, and that therefore
the decision in that case is not controlling.

This brings up two questions, first, whether both parties
did consent to accept the jurisdiction of the United States
court; and, second, if they did, what effect such consent had
upon the jurisdiction of the United States court.

That the defendant consented to accept the jurisdiction of
the United States court is obvious. It filed a petition for re-
moval from the State to the United States court. No clearer
expression of its acceptance of the jurisdiction of the latter
court could be had. After the removal the plaintiff, instead
of challenging the jurisdiction of the United States court by a
motion to remand, filed an amended petition in that court,
signed a stipulation giving time to the defendant to answer;
and then both parties entered into successive stipulations for
a continuance of the trial in that court. Thereby the plaintiff
consented to accept the jurisdiction of the United States court,
and was willing that his controversy with the defendant
should be settled by a trial in that court. The mere filing of
an amended petition was an appeal to that court for a trial
upon the facts averred by him as they might be controverted
by the defendant. And this, as we have seen, was followed by
repeated recognitions of the jurisdiction of that court.

That a next friend may select the tribunal in which the suit
shall be brought is clear. While he may do nothing prejudicial
to the substantial rights of the minor, yet the mere selection
of one out of many tribunals having jurisdiction cannot be
considered as an act to the latter's prejudice. Certainly the
election to accept the jurisdiction of a court of the United
States is not an act prejudicial to substantial rights. In *Kings-*

*bury* v. *Buckner*, 134 U. S. 650, where the next friend consented that a case on a writ of error might be heard in some other grand division of the Supreme Court of Illinois than the one in which it was decided, and at a term of that court earlier than such writ of error could ordinarily be heard, and also waived the execution of an appeal bond by the opposite party, it was held that the infant was bound by such action, the court saying (p. 680):

"Now it is contended that the Supreme Court of the State, sitting in the Central Grand Division, could not, except by consent, entertain jurisdiction of those appeals, and that the next friend and guardian *ad litem* was incapable, in law, of giving such consent. It is undoubtedly the rule in Illinois, as elsewhere, that a next friend or guardian *ad litem* cannot, by admissions or stipulations, surrender the rights of the infant. The court, whose duty it is to protect the interests of the infant, should see to it that they are not bargained away by those assuming or appointed to represent him. But this rule does not prevent a guardian *ad litem* or *prochein amy* from assenting to such arrangements as will facilitate the determination of the case in which the rights of the infant are involved."

Again, in *Thompson* v. *Maxwell Land Grant Company*, 168 U. S. 451, where the question was whether the infant was bound by a consent decree, it was said (p. 462):

"That infants are bound by a consent decree is affirmed by the authorities, and this notwithstanding that it does not appear that a prior inquiry was made by the court as to whether it was for their benefit. In 1 Dan. Ch. Pl. & Pr. 163, it is said: 'Although the court usually will not, where infants are concerned, make a decree by consent, without an inquiry whether it is for their benefit, yet when once a decree has been pronounced without that previous step, it is considered as of the same authority as if such an inquiry had been directed, and a certificate thereupon made that it would be for their benefit.'

\*    \*    \*    \*    \*    \*    \*    \*

"In *Walsh* v. *Walsh*, 116 Massachusetts, 377, a decree had

been entered as follows: 'And the plaintiff and the defendants, . . . Thomas Keys, . . . and also in his capacity of guardian *ad litem* of Bridget Walsh and William Walsh, consenting to the following decree: And this court being satisfied upon the representations of counsel that the decree is fit and proper to be made as against the said Bridget and William; it is thereupon ordered, and adjudged, and decreed,' etc.

"On a bill of review, filed by the minors, this decree was challenged, among other reasons, on the ground that it appeared to have been made by consent of their guardian *ad litem* and upon the representations of counsel without proof. The court decided against the contention, and speaking in reference thereto, through Mr. Chief Justice Gray, said:

" 'An infant is ordinarily bound by acts done in good faith by his solicitor or counsel in the course of the suit, to the same extent as a person of full age. *Tillotson* v. *Hargrave*, 3 Madd. 494; *Levy* v. *Levy*, 3 Madd. 245. And a compromise, appearing to the court to be for the benefit of an infant, will be confirmed without a reference to a master; and, if sanctioned by the court, cannot be afterwards set aside except for fraud. *Lippiat* v. *Holley*, 1 Beav. 423; *Brooke* v. *Mostyn*, 33 Beav. 457, and 2 De C. J. & S. 373.

" 'If the court does pronounce a decree against an infant by consent, and without inquiry whether it will be for his benefit, he is as much bound by the decree as if there had been a reference to a master and a report by him that it was for the benefit of the infant. *Wall* v. *Bushby*, 1 Bro. Ch. 484; 1 Dan. Ch. Pr. 164. The case falls within the general rule, that a decree made by consent of counsel, without fraud or collusion, cannot be set aside by rehearing, appeal or review. *Webb* v. *Webb*, 3 Swanst. 658; *Harrison* v. *Rumsey*, 2 Ves. Sen. 488; *Bradish* v. *Gee*, Ambl. 229; *S. C.*, 1 Keny. 73; *Downing* v. *Cage*, 1 Eq. Cas. Ab. 165; *Toder* v. *Sansam*, 1 Bro. P. C. (2d ed.) 468; *French* v. *Shotwell*, 5 Johns. Ch. 555.' "

This also seems to be the settled law of Missouri. *Raming* v.

*Metropolitan Street Railway*, 157 Missouri, 477. In that case it was held that the next friend was the party to make application and affidavit for a change of venue from one state court to another, and the court said (p. 514):

"Section 2261, Revised Statutes 1889, requires the application and affidavits to be made by the party, and it has been held that this means the party in his own person and not by agent or attorney. *Squire* v. *Chillicothe*, 89 Missouri, 226. But it has never been decided in case of an infant suing by his next friend that the application cannot be made by the next friend.

"A next friend is neither the agent nor attorney for his ward. An agent or attorney derives his authority as such from his principal, but an infant cannot appoint an agent and empower him to do an act which in contemplation of law he is himself incapable of doing. The next friend does not derive his authority from the infant, and his office does not rest on such authority, either express or implied.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"It is because the law regards an infant incapable of conducting a law suit in his own behalf that it has made provisions for the appointment of a next friend to act for him. The next friend derives his authority from the court which appoints him, and as he is appointed to institute and conduct the suit it follows that he has authority to do every act which the interest of the infant demands and the law authorizes. If this statute is to be considered so strictly as to deny the next friend the authority to make an application for a change of venue, then we necessarily deny to infants who are unable to act for themselves the equal protection with other litigants that the statute was designed to afford. Not only would this be rank injustice to a class for whose interests the law has always been watchful, but it would raise a serious question as to the validity of the statute itself. . . . It is intended here to say that in the suit of an infant by his next friend, the next friend is the proper person to make the application for a change of venue."

Turning now to the other question, the Constitution, Art. III, § 2, provides that the judicial power of the United States shall extend to controversies "between citizens of different States." Section 11 of the Judiciary Act of 1789 (1 Stat. 78) granted to the Circuit Courts original cognizance "of all suits of a civil nature at common law or in equity . . . where the suit is between a citizen of the State where the suit is brought, and a citizen of another State," and added: "And no civil suit shall be brought before either of said courts (Circuit or District) against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." Section 12 (p. 79) provided "that if a suit be commenced in any state court . . . by a citizen of the State in which the suit is brought against a citizen of another State," a removal might be had of the case to the next Circuit Court to be held in the district where the suit is pending. The first section of the act of August 13, 1888, c. 866, 25 Stat. 433, like the Judiciary Act, invested the Circuit Courts of the United States with original cognizance of suits in which there is a controversy between citizens of different States, provided that no civil suit should be brought before either of said courts (Circuit or District) against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, and closed with these words, "but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The second sentence of § 2 prescribed, in respect to removals, that "any other suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the Circuit Courts of the United States for the proper district by the defendant or defendants therein, being non-residents of that State." It will thus be

seen that by both the act of 1789 and that of 1888 there is a general grant to Circuit Courts of jurisdiction over controversies between citizens of different States, and in each of them there is a limitation as to the district in which the action must be brought. In the light of this similarity between these two acts must the second question be considered.

The contention is that as this action could not have been originally brought in the Circuit Court for the Eastern District of Missouri by reason of the last provision quoted from § 1, it cannot under § 2 be removed to that court, as the authorized removal is only of those cases of which by the prior section original jurisdiction is given to the United States Circuit Courts. But this ignores the distinction between the general description of the jurisdiction of the United States courts and the clause naming the particular district in which an action must be brought.

It may be well to examine the authorities touching this matter. In *Gracie* v. *Palmer*, 8 Wheat. 699, the court, by Mr. Chief Justice Marshall, held that:

"The exemption from arrest in a district in which the defendant was not an inhabitant, or in which he was not found at the time of serving the process, was the privilege of the defendant, which he might waive by a voluntary appearance."

In *Toland* v. *Sprague*, 12 Pet. 300, 330, Mr. Justice Barbour thus stated the rule:

"Now, if the case were one of a want of jurisdiction in the court, it would not, according to well-established principles, be competent for the parties, by any act of theirs, to give it. But that is not the case. The court had jurisdiction over the parties and the matter in dispute; the objection was, that the party defendant, not being an inhabitant of Pennsylvania, nor found therein, personal process could not reach him; and that the process of attachment could only be properly issued against a party under circumstances which subjected him to process *in personam*. Now this was a personal privilege or exemption, which it was competent for the party to waive.

*Pollard* v. *Dwight,* 4 Cranch, 421; *Barry* v. *Foyles,* 1 Pet. 311."

In *Ex parte Schollenberger,* 96 U. S. 369, 378, Mr. Chief Justice Waite said:

"The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

In *First National Bank of Charlotte* v. *Morgan,* 132 U. S. 141, 145, Mr. Justice Harlan thus referred to a kindred question:

"This exemption of national banking associations from suits in state courts, established elsewhere than in the county or city in which such associations were located, was, we do not doubt, prescribed for the convenience of those institutions, and to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process. . . . If it (the exemption) had been claimed by the defendant when appearing in the Superior Court of Cleveland County, it must have been recognized. The defendant did not, however, choose to claim immunity from suit in that court. It made defense upon the merits, and, having been unsuccessful, prosecuted a writ of error to the Supreme Court of the State, and in the latter tribunal, for the first time, claimed the immunity granted to it by Congress. This was too late. . . . We are of opinion that its exemption from suits in other courts of the same State was a personal privilege that it could waive, and which, in this case, the defendant did waive, by appearing and making defense without claiming the immunity granted by Congress."

In *McCormick Harvesting Machine Company* v. *Walthers,* 134 U. S. 41, 43, Mr. Chief Justice Fuller, quoting the provisions of § 1 of the act of 1888, said:

"The jurisdiction common to all Circuit Courts of the Uni-

ted States in respect to the subject-matter of the suit and the character of the parties who might sustain suits in those courts is described in the section, while the foregoing clause [the last clause in the section] relates to the district in which a suit may be originally brought."

In *St. Louis &c. Railway Company* v. *McBride*, 141 U. S. 127, 131, it was said:

"Assume that it is true, as defendant alleges, that this is not a case in which jurisdiction is founded only on the fact that the controversy is between citizens of different States, but that it comes within the scope of that other clause, which provides that 'no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant,' still the right to insist upon suit only in the one district is a personal privilege which he may waive and he does waive it by pleading to the merits.

\*     \*     \*     \*     \*     \*     \*     \*

"Without multiplying authorities on this question, it is obvious that the party who in the first instance appears and pleads to the merits waives any right to challenge thereafter the jurisdiction of the court on the ground that the suit had been brought in the wrong district. *Charlotte Nat. Bank* v. *Morgan*, 132 U. S. 141; *Fitzgerald Construction Company* v. *Fitzgerald*, 137 U. S. 98."

In *Shaw* v. *Quincy Mining Company*, 145 U. S. 444, 453, a case arising after the act of 1888, and in which the defendant promptly raised the question of jurisdiction, Mr. Justice Gray referred to this matter in these words:

"The Quincy Mining Company, a corporation of Michigan, having appeared specially for the purpose of taking the objection that it could not be sued in the Southern District of New York, by a citizen of another State, there can be no question of waiver, such as has been recognized where a defendant has appeared generally in a suit between citizens of different States, brought in the wrong district. *Gracie* v. *Palmer*, 8

Wheat. 699; *St. Louis &c. Ry.* v. *McBride*, 141 U. S. 127, 131, and cases cited."

See also *Southern Pacific Company* v. *Denton*, 146 U. S. 202.

In *Central Trust Co.* v. *McGeorge*, 151 U. S. 129, 132, an action after the act of 1888 was in force, and in which neither party was a citizen of the State or resided in the district in which the action was brought, Mr. Justice Shiras used this language:

"Undoubtedly, if the defendant company which was sued in another district than that in which it had its domicil, had, by a proper plea or motion, sought to avail itself of the statutory exemption, the action of the court (in dismissing the complaint) would have been right. But the defendant company did not choose to plead that provision of the statute, but entered a general appearance and joined with the complainant in its prayer for the appointment of a receiver, and thus was brought within the ruling of this court, so frequently made, that the exemption from being sued out of the district of its domicil is a personal privilege which may be waived, and which is waived by pleading to the merits."

In *Martin's Administrator* v. *Baltimore & Ohio Railroad Company*, 151 U. S. 673, where objection was made to a removal on the ground that the removal petition was filed too late, Mr. Justice Gray, on page 688, observed:

"The time of filing a petition for the removal of a case from a state court into the Circuit Court of the United States for trial is not a fact in its nature essential to the jurisdiction of the national court under the Constitution of the United States, like the fundamental condition of a controversy between citizens of different States. But the direction as to the time of filing the petition is more analogous to the direction that a civil suit within the original jurisdiction of the Circuit Court of the United States shall be brought in a certain district, a non-compliance with which is waived by a defendant who does not seasonably object that the suit is brought in the

wrong district. *Gracie* v. *Palmer,* 8 Wheat. 699; *Taylor* v. *Longworth,* 14 Pet. 172, 174; *St. Louis & San Francisco Railway* v. *McBride,* 141 U. S. 127; *Texas & Pacific Railway* v. *Cox,* 145 U. S. 593; *Central Trust Company* v. *McGeorge,* 151 U. S. 129."

In *Mexican National Railroad Company* v. *Davidson,* 157 U. S. 201, 208, Mr. Chief Justice Fuller, after stating that the action could not have been originally brought in the Circuit Court of the United States because both parties were, in the eyes of the law, citizens of the same State, added:

"It is true that by the first section, where the jurisdiction is founded on diversity of citizenship, suit is to be brought 'only in the district of residence of the plaintiff or the defendant,' and this restriction is a personal privilege of the defendant and may be waived by him. *St. Louis & San Francisco Ry.* v. *McBride,* 141 U. S. 127. Section 2, however, refers to the first part of section 1, by which jurisdiction is conferred, and not to the clause relating to the district in which suit may be brought. *McCormick Machine Co.* v. *Walthers,* 134 U. S. 41."

In *Interior Construction & Improvement Company* v. *Gibney,* 160 U. S. 217, 219, Mr. Justice Gray thus stated the law:

"Diversity of citizenship is a condition of jurisdiction, and, when that does not appear upon the record, the court, of its own motion, will order the action to be dismissed. But the provision as to the particular district in which the action shall be brought does not touch the general jurisdiction of the court over such a cause between such parties; but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon, or may waive, at his election; and the defendant's right to object that an action, within the general jurisdiction of the court, is brought in the wrong district, is waived by entering a general appearance, without taking the objection."

In *Ex parte Wisner, supra,* Mr. Chief Justice Fuller, referring

to *St. Louis &c. Railway Company* v. *McBride*, 141 U. S. 127, said:

"As the defendant appeared and pleaded to the merits, he thereby waived his right to challenge thereafter the jurisdiction of the court over him on the ground that the suit had been brought in the wrong district. And there are many other cases to the same effect."

Several other cases in this court, as well as many in the Circuit Courts and Circuit Courts of Appeal, might be noticed, in which a similar ruling as to the effect of a waiver was announced. It is true that in most of the cases the waiver was by the defendant, but the reasoning by which a defendant is precluded by a waiver from insisting upon any objection to the particular United States court in which the action was brought compels the same conclusion as to the effect of a waiver by the plaintiff of his right to challenge that jurisdiction in case of a removal. As held in *Kinney* v. *Columbia Saving & Loan Association*, 191 U. S. 78, a petition and bond for removal are in the nature of process. They constitute the process by which the case is transferred from the state to the Federal court, and if when the defendant is brought into a Federal court by the service of original process he can waive the objection to the particular court in which the suit is brought, clearly the plaintiff, when brought into the Federal court by the process of removal, may in like manner waive his objection to that court. So long as diverse citizenship exists the Circuit Courts of the United States have a general jurisdiction. That jurisdiction may be invoked in an action originally brought in a Circuit Court or one subsequently removed from a state court, and if any objection arises to the particular court which does not run to the Circuit Courts as a class that objection may be waived by the party entitled to make it. As we have seen in this case, the defendant applied for a removal of the case to the Federal court. Thereby he is foreclosed from objecting to its jurisdiction. In like manner, after the removal had been ordered, the plaintiff elected to remain in

that court, and he is, equally with the defendant, precluded from making objection to its jurisdiction.

Special reliance is placed by petitioner upon this statement in the *Wisner case* (p. 460):

"But it is contended that Beardsley was entitled to remove the case to the Circuit Court, and as by his petition for removal he waived the objection so far as he was personally concerned that he was not sued in his district, hence that the Circuit Court obtained jurisdiction over the suit. This does not follow, inasmuch as in view of the intention of Congress by the act of 1887 to contract the jurisdiction of the Circuit Courts, and of the limitations imposed thereby, jurisdiction of the suit could not have obtained, even with the consent of both parties."

It is said that here is a distinct declaration that "jurisdiction of the suit could not have obtained, even with the consent of both parties." There was no pretense of any consent on the part of the plaintiff in that case, and therefore this statement was unnecessary. In order, however, to prevent future misconception we add that nothing in the opinion in the *Wisner case* is to be regarded as changing the rule as to the effect of a waiver in respect to a particular court.

It may not be amiss to note that in several of the Circuit Courts and Courts of Appeal the *Wisner case* has been considered, and in all held that no change was intended by it. *Corwin M. Company* v. *Henrici Washer Company*, opinion by Lowell, Circuit Judge, 151 Fed. Rep. 938; *Louisville & Nashville Railroad Company* v. *Fisher*, 155 Fed. Rep. 68, Circuit Court of Appeals (Sixth Circuit), opinion by Lurton, Circuit Judge; *Shanburg* v. *F. & C. Co.*, Circuit Court of Appeals (Eighth Circuit), opinion by Riner, District Judge; *McPhee & McGinnity Company* v. *Union Pacific R. R. Co.*, Circuit Court of Appeals (Eighth Circuit), opinion by Sanborn, Circuit Judge. These two opinions are not yet published.

We might also refer to the several text books in which is affirmed the general doctrine of the effect of the waiver of an

objection to a particular court in which the suit has been brought or to which it has been removed. We have made these many quotations and references, not simply to establish the doctrine itself, but to emphasize the widespread injurious results which may be expected to follow from now enforcing a different rule; for, if in a case between citizens of different States, of which the Circuit Courts of the United States are given general jurisdiction, an objection to the jurisdiction of .a particular one of those courts cannot be waived and no consent can give jurisdiction, it is clear that many judgments have been rendered by those courts in reliance upon such a waiver, which will necessarily be held to be absolutely void, and the litigation must be had over again in some other courts, resulting, possibly, in different decisions t' rough the disappearance of witnesses, the loss of testimony, or the running of the statute of limitations.

The jurisdiction of the Circuit Court of the United States for the Eastern Division of the Eastern District of Missouri was settled by the proceedings had by the two parties, and the application for a writ of mandamus is

*Denied.*


THE CHIEF JUSTICE dissenting.

The right of action was not vested in the next friend and the citizenship of the infant controls. The case is one, therefore, in which the plaintiff was a citizen and resident of the State of Illinois and the defendant a corporation created and existing under the laws of the State of Kentucky, and a citizen and resident of that State. The action was brought in the Circuit Court of the city of St. Louis, Missouri, of which State neither of the parties was a citizen. The fact that the next friend, who also acted as attorney-at-law for the minor, was a citizen of Missouri, is immaterial.

The question is whether, where neither of the parties is a citizen of the State in which the action is brought, the juris-

diction of the Circuit Court can be maintained if both parties consent to it. Jurisdiction of the Circuit Courts depends upon some act of Congress, *Stevenson* v. *Fain,* 195 U. S. 165, 167; *Turner* v. *Bank,* 4 Dall. 8, 10; *McIntire* v. *Wood,* 7 Cranch, 504, 506; and I quote at length from the opinion of Mr. Justice Gray in *Shaw* v. *Quincy Mining Co.,* 145 U. S. 444, because he therein examines the statutory provisions bearing on the question before us, saying (p. 446):

"In carrying out the provision of the Constitution which declares that the judicial power of the United States shall extend to controversies 'between citizens of different States,' Congress, by the Judiciary Act of September 24, 1789, c. 20, § 11, conferred jurisdiction on the Circuit Court of suits of a civil nature, at common law or in equity, 'between a citizen of the State where the suit is brought and a citizen of another State,' and provided that 'no civil suit shall be brought' 'against an inhabitant of the United States,' 'in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ.' 1 Stat. 78, 79.

"The word 'inhabitant,' in that act, was apparently used, not in any larger meaning than 'citizen,' but to avoid the incongruity of speaking of a citizen of anything less than a State, when the intention was to cover not only a district which included a whole State, but also two districts in the State, like the districts of Maine and Massachusetts in the State of Massachusetts, and the districts of Virginia and Kentucky in the State of Virginia, established by § 2 of the same act. 1 Stat. 73. It was held by this court from the beginning that an averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the jurisdiction, because in the common use of words a resident might be a citizen, and therefore it was not stated expressly and beyond ambiguity that he was a citizen of the State, which was the fact on which the jurisdiction depended under the provisions of the Constitution and of the Judiciary Act. . . .

"By the act of May 4, 1858, c. 27, § 1, it was enacted that,

in a State containing more than one district, actions not local should 'be brought in the district in which the defendant resides,' or 'if there be two or more defendants residing in different districts in the same State,' then in either district. 11 Stat. 272. The whole purport and effect of that act was not to enlarge, but to restrict and distribute jurisdiction. It applied only to a State containing two or more districts; and directed suits against citizens of such a State to be brought in that district thereof in which they or either of them resided. It did not subject defendants to any new liability to be sued out of the State of which they were citizens, but simply prescribed in which district of that State they might be sued.

"These provisions of the acts of 1789 and 1858 were substantially reënacted in sections 739 and 740 of the Revised Statutes.

"The act of March 3, 1875, c. 137, § 1, after giving the Circuit Courts jurisdiction of suits 'in which there shall be a controversy between citizens of different States,' and enlarging their jurisdiction in other respects, substantially reënacted the corresponding provision of the act of 1789 by providing that no civil suit should be brought 'against any person,' 'in any other district than that whereof he is an inhabitant or in which he shall be found' at the time of service, with certain exceptions not affecting the matter now under consideration. 18 Stat. 470.

"The act of 1887, both in its original form and as corrected in 1888, reënacts the rule that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant, but omits the clause allowing a defendant to be sued in the district where he is found, and adds this clause: 'But where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' 24 Stat. 552; 25 Stat. 434. As has been adjudged by this court, the last clause is by way of proviso to the next preceding clause, which forbids any suit

to be brought in any other district than that whereof the defendant is an inhabitant; and the effect is that 'where the jurisdiction is founded upon. any of the causes mentioned in this section, except the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant; but where the jurisdiction is founded solely upon the fact that the parties are citizens of different States, the suit may be brought in the district in which either the plaintiff or the defendant resides.' *McCormick Co.* v. *Walthers*, 134 U. S. 41, 43. And the general object of this act, as appears upon its face, and has been often declared by this court, is to contract, not to enlarge, the jurisdiction of the Circuit Courts of the United States. *Smith* v. *Lyon*, 133 U. S. 315, 320; *In re Pennsylvania Co.*, 137 U. S. 451, 454; *Fisk* v. *Henarie*, 142 U. S. 459, 467.

"As to natural persons, therefore, it cannot be doubted that the effect of this act, read in the light of earlier acts upon the same subject, and of the judicial construction thereof, is that the phrase 'district of the residence of' a person is equivalent to 'district whereof he is an inhabitant,' and cannot be construed as giving jurisdiction, by reason of citizenship, to a Circuit Court held in a State of which neither party is a citizen, but, on the contrary, restricts the jurisdiction to the district in which one of the parties resides within the State of which he is a citizen; and that this act, therefore, having taken away the alternative, permitted in the earlier acts, of suing a person in the district 'in which he shall be found,' requires any suit, the jurisdiction of which is founded only on its being between citizens of different States, to be brought in the State of which one is a citizen, and in the district therein of which he is an inhabitant and resident."

Treating the clause that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant" as by way of proviso, that proviso must be regarded as excluding from the enacting clause "some possible ground of misinterpretation of it, as

extending to cases not intended by the legislature to be brought within its purview." *Minas* v. *United States*, 15 Pet. 445; *Austin* v. *United States*, 155 U. S. 417, 431.

Jurisdiction of the subject-matter is given only by law and cannot be conferred by consent, and, therefore, the objection that a court is not given such jurisdiction· by law, if well founded, cannot, of course, be waived by the parties.

In my judgment, § 1, in cases where litigants are citizens of different States, confers jurisdiction only on the Circuit Court of the district of the plaintiff's residence and the Circuit Court of the district of the defendant's residence. And it is not conferred on the Circuit Court of the district of neither of them, and cannot be even by consent. If this were not so, as Mr. Justice Harlan said in *Bors* v. *Preston*, 111 U. S. 255, "it would be in the power of the parties by negligence or design to invest those courts with a jurisdiction expressly denied to them;" or where it may also be said, such jurisdiction was not expressly conferred. This view was expressed in *Ex parte Wisner*, 203 U. S. 449, and although it is true that the proposition need not have been there announced, because in that case it was correctly decided that there was not a consent to the jurisdiction by both parties, yet the rule was so laid down, and the result of the opinion in this case is to disapprove of and overrule *In re Wisner*, so far as that proposition is concerned. And as I adhere to that view I dissent.

But it should be added that this case was brought in a state court and removed by the defendant into the Federal court under the second section of the act of August 13, 1888, which provided "any other suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, which are now pending, or which may hereafter be brought in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein being non-residents of that State." And it is settled that in order to make a suit removable under this part of the act it must be one

which the plaintiff could have brought originally in the United States Circuit Court. The right of removal given to the non-resident defendant or defendants by the second clause of § 2, removing the cause from the state court to the United States Circuit Court, is subject to the limitations of that clause that it must be a suit within the jurisdiction of such Circuit Court, and that it must be removed to the proper district, and therefore the act does not authorize him or them to remove it to the United States Circuit Court held in a district wherein that court was not given jurisdiction of the suit removed, or to any other judicial district in which the suit is not pending, as provided in § 3. Plaintiff brought his suit in a district wherein the defendant could not be sued in the Federal court within the meaning of the act. *Hill* v. *Woodland Amusement Company*, 158 Fed. Rep. 530.

The proper district within the meaning of the second clause of the second section means either of the districts made "proper districts" by the first section of the act, and when the third section requires the petition to be "for the removal of such suit into a Circuit Court to be held in the district where such suit is pending," it must have been contemplated that the suit would be pending in a "proper district." It is plain that the entire act is not to be construed as giving jurisdiction by reason of citizenship to a Circuit Court held in a State of which neither party is a citizen, but, on the contrary, that it restricts the jurisdiction to the district in which one of the parties resides within the State of which he is a citizen.