SAGARA v. CHICAGO, R. I. & P. RY. CO.

(Circuit Court, D. Colorado.  June 12, 1911.)

No. 5,682.

1. REMOVAL OF CAUSES (§ 94*)—JURISDICTION—WAIVER.

By removing the action from a state court to the federal Circuit Court, defendant waived its right to insist upon being sued in the district of which it was an inhabitant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 203; Dec. Dig. § 94.*]

2. REMOVAL OF CAUSES (§ 102*)—REMAND—GROUND.

Under Act Cong. March 3, 1875, c. 137, §§ 1, 2, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, pp. 508, 509), fixing the jurisdiction of federal Circuit Courts, and authorizing removal of causes from state courts, a personal injury suit brought in a state court in Colorado by an alien against a corporation residing in Illinois and Iowa, and removed to the Colorado federal Circuit Court, must be remanded if he objects to the Circuit Court taking jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 218; Dec. Dig. § 102.*]

At Law.  Action by Y. Sagara against the Chicago, Rock Island & Pacific Railway Company.  On motion to remand to state court.  Motion sustained.

Stark & Martin, for plaintiff.

Chas. W. Waterman and Caldwell Martin, for defendant.

LEWIS, District Judge.  The plaintiff, an alien and a subject and citizen of the Empire of Japan, brought this action in the state court against the defendant, a resident and citizen of the states of Illinois and Iowa, to recover damages for personal injuries resulting from being struck by one of defendant's engines while he was at work on the railway track over which the engine was being operated.  His right foot was so crushed as to render amputation necessary above the ankle, his left arm was broken, and for these injuries, physical pain suffered, and reduced earning capacity he asks judgment against the defendant in the sum of $10,000.

In due time the defendant caused the suit to be removed to this court on the ground that the action involved a controversy between a citizen of a state and a foreign citizen in which the matter in dispute exceeded, exclusive of interest and costs, the sum or value of $2,000. The transcript was filed in this court on May 1st last and on the third day thereafter the plaintiff first appeared in the action here and moved for an order remanding it to the state court.

It cannot be doubted that the circuit courts of the United States have jurisdiction of this action.  Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508).  The sole inquiry on the motion to remand is whether or not that part of section 1 of said act which "distributes among the par-

ticular districts the general jurisdiction fully and clearly granted in the earlier part of the section" (In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211), considered in connection with section 2 of the act, prohibits the exercise of that jurisdiction by this particular court unless both of the parties to the action give their consent. The circuit court of the district either in Illinois or Iowa of which the defendant is an inhabitant is the court designated in the "distributive part" of section 1 in which the action could have been brought by original process. It is likewise established that if plaintiff had instituted the action in a circuit court in any other district the defendant might have waived its right to be sued in the district of which it is an inhabitant, and have submitted itself to the jurisdiction of such court (Central Trust Co. v. McGeorge, 152 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904), or it could have prevented the exercise of jurisdiction by such court by claiming the right to be sued only in the Circuit Court sitting in the district of which it is an inhabitant (G. H. & S. A. Ry. Co. v. Gonzales, 151 U. S. 497, 14 Sup. Ct. 401, 38 L. Ed. 248; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, supra).

[1] By removing the action from the state court to this court the defendant has waived its right to insist here upon being sued in the district of which it is an inhabitant, is thereby precluded from claiming that privilege and has submitted this controversy on its part to the jurisdiction of this court for final determination. Cowley v. N. P. Co., 159 U. S. 569, 16 Sup. Ct. 127, 40 L. Ed. 263; In re Moore, supra; Western L. & S. Assn. v. B. M. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101.

[2] The cause stated in the complaint is within the concurrent jurisdiction of this court and the state court in which the action was brought, and the defendant having, by removal, submitted itself to the jurisdiction of this court the inquiry remains, Has the alien plaintiff the option to consent or not to consent to the exercise of the jurisdiction of this court over the cause which by section 1 of the act is given to all circuit courts?

Prior to the action of the Supreme Court in the Wisner and Moore Cases the decisions answered the question in the negative: Iowa, etc. Co. v. Bliss (C. C.) 144 Fed. 446; Morris v. Clark Const. Co. (C. C.) 140 Fed. 756; Whitworth v. Ry. Co. (C. C.) 107 Fed. 557; Creagh v. Assurance Soc. (C. C.) 83 Fed. 849; Stalker v. Pullman's Co. (C. C.) 81 Fed. 989; Sherwood v. Newport N. & M. V. Co. (C. C.) 55 Fed. 1; Uhle & Fischl v. Burnham (C. C.) 42 Fed. 1; Kansas City Co. v. Lumber Co. (C. C.) 37 Fed. 3; Burck v. Taylor (C. C.) 39 Fed. 581—although Harold v. Iron Co. (C. C.) 33 Fed. 529, is to the contrary, but from which Circuit Judge Brewer later withdrew his assent there given, as appears in 37 Fed., supra. Since, however, the opinions in the Wisner and Moore Cases were delivered, District Judge Pollock in Mahopoulus v. C., R. 1. & P. Ry. (C. C.) 167 Fed. 165, and District Judge Marshall in Zerba v. Gilson Asphaltum Co., (opinion not published), have answered the quesion

in the affirmative, and District Judge Reed in Barlow v. C. & N. W. Ry. Co. (C. C.) 164 Fed. 765, and 172 Fed. 513, in the negative. I concur in the conclusions reached by Judges Pollock and Marshall, and believe they are sustained by Ex parte Wisner and In re Moore, supra. Of course it appears in the Wisner and Moore Cases that the jurisdiction of the circuit court was "founded only on the fact that the actions were between citizens of different states," and section 1 of the act provides, under such conditions, that "suits shall be brought only in the district of the residence of either the plaintiff or defendant," but it is held in both of those cases that where an action between citizens of different states is brought into a circuit court on removal from a state court it should be remanded, where the circuit court is not one of the two particular circuit courts designated, unless both plaintiff and defendant consent that it should be retained. No reason has been assigned which justifies the conclusion that an alien plaintiff should not have the same right to give or withhold consent that a non-resident has who sues in a district of which neither he nor the defendant is an inhabitant.

The designation of the particular Circuit Court in which the suit shall be brought found in section 1 of the act is as clearly stated in the one instance as in the other. The only discoverable difference is that there are two districts in either one of which a suit between citizens of different states may be brought, by original process, whereas if the plaintiff be an alien there is only one district in which such suit may be brought. Section 2 of the act adopts the limitations in section 1 as to the Circuit Court into which a case can be properly removed. Cochran v. Montgomery Co., 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182. Under the Wisner and Moore Cases the non-resident plaintiff may withhold his consent to the determination of his controversy with his non-resident defendant by the federal courts on removal of the cause to that court which he had instituted in the state court, and thereby the non-resident defendant is compelled to submit to a determination of the controversy by the state court. In the Moore Case the non-resident defendant had removed the case to the Circuit Court, and on considering the motion of the non-resident plaintiff to remand it was said (209 U. S. 506, 508, 28 Sup. Ct. 591, 52 L. Ed. 904):

"It is true that in most of the cases the waiver was by the defendant, but the reasoning by which the defendant is precluded by the waiver from insisting upon any objection to the particular Circuit Court in which the action was brought compels the same conclusion as to the effect of a waiver by the plaintiff of his right to challenge that jurisdiction in case of a removal. * * * So long as diverse citizenship exists the Circuit Courts of the United States have a general jurisdiction. That jurisdiction may be invoked in an action originally brought in a Circuit Court or one subsequently removed from a state court, and if any objection arises as to the particular court which does not run to the Circuit Courts as a class that objection may be waived by the party entitled to make it. As we have seen in this case, the defendant applied for a removal of the case to the federal court. Thereby he is foreclosed from objecting to its jurisdiction. In like manner, after the removal had been ordered, the plaintiff elected to remain in that court, and he is, equally with the defendant, precluded from making objection to its jurisdiction. * * * The jurisdiction of the Circuit Court·

of the United States for the Eastern Division of the Eastern District of Missouri was settled by the proceedings had by the two parties."

Mr. Justice Brewer had, in the preceding part of this opinion, carefully pointed out the facts which constituted a waiver by the plaintiff of his right to challenge the jurisdiction of that particular court.

It must be held that the same right and privilege given to a non-resident plaintiff belongs equally to an alien where his suit has been removed from state to federal court.

But it is earnestly insisted that the Tobin Case, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, and Nicola's Case, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203, must be taken as an approval of the contrary view. I do not so regard them. To do so would, in effect, be to say that the mere fact that the Supreme Court declines to take jurisdiction on a petition for the writ of mandamus is equivalent to an express approval by that court of the correctness of the acts complained of. It would seem that the correct interpretation of the action of that court in those cases is that it but followed the principle announced in Ex parte Hoard, 105 U. S. 578, 26 L. Ed. 1176, wherein it is said "jurisdiction has been given to the Circuit Court to determine whether the cause is one that ought to be remanded," and "no case can be found in which a mandamus has been used to compel a court to remand a cause after it has once refused a motion to that effect;" which principle was reannounced and adhered to in Re James Pollitz, 206 U. S. 323, 27 Sup. Ct. 729, 51 L. Ed. 1081: "Mandamus cannot be issued to compel the court below to decide the matter before it in a particular way or to review its judicial action had in exercise of legitimate jurisdiction, nor can the writ be used to perform the office of an appeal or writ of error;" in Ex parte Nebraska, 209 U. S. 436, 28 Sup. Ct. 581, 52 L. Ed. 876: "The remedy is not by a writ of mandamus, which cannot be used to perform the office of an appeal or writ of error;" and in Ex parte Greutter, 217 U. S. 586, 30 Sup. Ct. 690, 54 L. Ed. 892: "Inasmuch as we are of opinion that the Circuit Court of the United States had jurisdiction to determine the questions presented we hold that mandamus will not lie. The final order of the Circuit Court cannot be reviewed on this writ." That this is the proper construction to be placed upon the action of the Supreme Court in the matters of Tobin and Nicola is made clear by the opinion of that court in Ex parte Harding (219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252), rendered at its last October term, wherein its views on this point, and as expressed in the foregoing cases, are again clearly stated, and the cases which might be thought to be in conflict with them are elucidated.

The plaintiff's motion to remand must be sustained, with costs against the defendant.