AMERICAN OIL & SUPPLY CO. v. WESTERN GAS CONST. CO.

(Circuit Court of Appeals, Second Circuit. January 9, 1917.)

No. 131.

1. REMOVAL OF CAUSES ☞26—DIVERSITY OF CITIZENSHIP—NONRESIDENT PLAINTIFF.

Under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), authorizing removal of a suit of which the District Court of the United States is given jurisdiction, a nonresident defendant cannot remove to the United States court a suit begun against him in the state court by a nonresident plaintiff, though the parties were citizens of different states.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63.]

2. REMOVAL OF CAUSES ☞94—ORIGINAL JURISDICTION—WAIVER OF OBJECTIONS.

The objection that a suit between citizens of different states, neither of whom was a resident of the state where the suit was brought, cannot be

removed to the United States court, can be waived, and is waived by defendant's petition to remove, and by plaintiff's appearance to contest a motion to set aside service of process.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 203.]

3 CORPORATIONS ⚖➡668(5)—FOREIGN CORPORATIONS—PROCESS—SERVICE ON "MANAGING AGENT."

The sales agent of a foreign corporation who has no discretionary powers, but acts under the direction and control of the home office, is not a "managing agent," on whom process against the corporation can be served, under Code Civ. Proc. N. Y. § 432, subd. 3, though he made one contract for the corporation, which, however, was not shown to have been made without specific directions, and though the directory described him as an agent of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2611.

For other definitions, see Words and Phrases, First and Second Series, Managing Agent.]

In Error to the District Court of the United States for the Southern District of New York.

Action by the American Oil & Supply Company against the Western Gas Construction Company. From an order of the District Court, after the cause was removed to that court from the state court, setting aside the service of summons, plaintiff brings error. Affirmed.

J. Harry Hull, of New York City, for plaintiff in error.
Francis J. Byrne, of New York City, for defendant in error.

Before COXE, WARD, and HOUGH, Circuit Judges.

WARD, Circuit Judge. The plaintiff, a corporation of New Jersey, served its summons and complaint in the Supreme Court of the state of New York upon one Steinmuller as managing agent of the defendant, a corporation of the state of Indiana. The defendant removed the case to the District Court, appearing specially for the purpose of moving to set aside the service of process.

[1] It is to be noted at the outset that this action was not removable at all, because it could not have been brought originally in the District Court. Section 28 of the Judicial Code reads:

"* * * Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

The case is therefore different from Goldey v. Morning News Co., 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, in which the plaintiff was a citizen of New York and the defendant was a corporation of Connecticut.

[2] But this objection may be waived, and it has been waived by the defendant by virtue of its petition to remove, and by the plaintiff by virtue of its appearance to contest the motion to set aside service of process. If it had not intended to waive the objection as to juris-

diction, it should have moved to remand. In re Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164.

[3] The contract is alleged to have been made in New York, but to be performed in Indiana; i. e., the defendant agreed to deliver to the plaintiff f. o. b. at Ft. Wayne, Ind., certain merchandise to be paid for in cash, which it subsequently refused to deliver, although the plaintiff was ready then and there to pay for the goods.

The person designated in 1907 under section 16 of the General Corporation Law (Consol. Laws, c. 23) upon whom process may be served within the state having disappeared, and the plaintiff finding no officer or director of the company within the state, served Steinmuller as a managing agent of the defendant in accordance with section 432, subd. 3, Code of Civil Procedure.

Judge Augustus N. Hand found that the company had done business within the state, but that Steinmuller was only a sales agent, without discretionary powers, and acting throughout under the direction and control of the home office in Indiana. The facts that in 1915 he had made one contract, in the absence of proof that he was not then acting without specific directions, and that the New York City Directory since 1912 had described him as agent, were not sufficient to overcome the positive affidavits submitted by the defendant that it had no office, property, nor any agent within the state, except Steinmuller, a sales agent. We concur in this conclusion.

The order is affirmed.

2. PATENTS ⬥202(1)—ASSIGNMENT—CONSTRUCTION OF CONTRACT.
   Under a further provision of the contract that defendant should pay all expenses incidental to obtaining patents on pending or future applications by complainant, provided that such "expenses shall be authorized by the company," defendant was not required to take appeals from the action of the Patent Office denying any such applications, or to pay taxes necessary to keep foreign patents granted in force, if in its business judgment such action was not justified.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 281–288; Dec. Dig. ⬥202(1).]

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes