### PENDAR v. EMPIRE GAS & FUEL CO.

(District Court, S. D. Texas. October 9, 1919.)

No. 279.

REMOVAL OF CAUSES ☞29—FOR DIVERSITY OF CITIZENSHIP IN SUIT IN STATE OF WHICH NEITHER PARTY IS CITIZEN.

A suit brought in a state court of a state of which neither plaintiff nor defendant is a citizen or resident is not removable on the ground of diversity of citizenship over the objection of plaintiff.

At Law. Action by Oliver S. Pendar against the Empire Gas & Fuel Company. On motion to remand to state court. Motion granted.

Sam Streetman, of Houston, Tex., for the motion.
A. D. Dyess, of Houston, Tex., opposed.

HUTCHESON, District Judge. This is a motion to remand to the district court for the Fifty-Fifth judicial district of Harris county, Tex., the above styled and numbered cause. The sole ground of removal is diversity of citizenship, while the ground of the motion to remand is that the plaintiff and defendant, while residents and citizens of different states, are neither of them residents of the state of Texas, or of the Southern district thereof. The plaintiff is a citizen of the state of South Dakota. The defendant is a corporation incorporated under the laws of Maine, and therefore a citizen, and, for jurisdictional purposes, a resident, of the state of Maine. It is conceded by counsel for the respondent that, were this suit brought in this district by original process, this court could not, under section 1033, Comp. St., since neither of the parties reside here, entertain jurisdiction without consent of both parties to the proceeding. But he contends that the removal statute (section 1010), authorizing the removal of a cause by a nonresident defendant into the District Court of the United States for the proper

district, is not limited or qualified by section 1033, but gives to a defendant the absolute right to remove any case into the federal district having jurisdiction over the place where the suit is brought in the state court, provided only the defendant is a nonresident of that state and district.

It is conceded further by counsel for defendant that the case of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, is authority against this contention, and that, if that case is the law of this case, the motion to remand must be sustained. They point, however, to the fact that of the three propositions in effect decided in the Wisner Case —that a suit can only be removed into the district where it could have originally been brought, that mandamus will lie to correct the improper action of a district court in taking jurisdiction, and that jurisdiction cannot be conferred by consent where the parties are citizens of different states and neither is a citizen of the state where the suit is pending—the second and third have been overruled in Ex parte Hardin, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, and Ex parte Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, respectively, and they declare that the first is so wanting in merit as that certain of the inferior federal courts have already refused to follow it. They call my attention to a lengthy opinion by Judge Cochran, of the Eastern district of Kentucky, in the case of L. & N. Railway Co. v. Western Union Telegraph Co., 218 Fed. 91, an opinion of Judge Ervin, of the Southern district of Alabama, while sitting in the Northern district of Texas, in the case of James v. Amarillo City Light & Water Co., 251 Fed. 337, and a dissenting opinion by Judge Learned Hand of the district bench of the Second circuit, in the case of Guaranty Trust Co. v. McCabe, 250 Fed. 704, 163 C. C. A. 31.

I am not disposed to deny the force of much of the reasoning in the opinions of those judges, but it appears to me that their views are more cogent as arguments for an amendment of the law than as really declaring the law as it is written; besides, I derive little support from arguments ab inconvenienti. When a judge is able to say, "Ita lex scripta," he has completed his inquiry and established a firm basis for his judgment. The effect of those cases is to declare that, because it has been held that parties may waive the venue requirement of section 1033, which lies at the threshold of actual jurisdiction in any particular case, the plaintiff by bringing a suit in a state court puts it entirely in the power of the defendant to bring the matter into the federal court of the district where the suit is brought without consulting or considering plaintiff's wishes in the premises. Judge Ervin even goes to the point of declaring that a plaintiff has no right at all to be consulted as to the district to which the cause may be removed, and this is the effect, if not the verbiage, of the views of Judge Cochran and Judge Hand.

This view is directly in conflict, not only with the holding, but with the reasoning, of the Supreme Court in Ex parte Moore, supra, where the removal was sustained upon the express ground that the plaintiff, after the case had been removed by the defendant, had appeared and

pleaded thus affirmatively, consenting to the jurisdiction of that court. Mr. Justice Moody, in Re Winn, 213 U. S. 464, 29 Sup. Ct. 516, 53 L. Ed. 873, speaking for the court, says:

"It is well settled that no cause can be removed from the state court to the Circuit Court of the United States unless it could originally have been brought in the latter court."

And again, construing Ex parte Moore, said on page 469 (29 Sup. Ct. 519 [53 L. Ed. 873]):

"That case simply held that where there was a diversity of citizenship, which gave jurisdiction to some Circuit Court, the objection that there was no jurisdiction in a particular district might be waived by appearing and pleading to the merits."

I think both the disposition made by the Circuit Court of Appeals of Guaranty Trust Co. of New York v. McCabe, 250 Fed. 700, 163 C. C. A. 34, and the reasons which underlie it, are eminently correct. In that case it is said:

"It has long been settled that a defendant may insist upon or waive his objection to venue, * * * but it is also settled by Ex parte Moore, 209 U. S. 490, 506, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, that in a case where jurisdiction depends upon diversity of citizenship, * * * the plaintiff, in case of removal, also has the right to insist upon or waive his objection to the jurisdiction *because the district is not the 'proper district'— that is, either the residence of plaintiff or of defendant.*" (Italics mine.)

Concurring in these views, I shall grant the motion to remand; and it will be so ordered.