## ST. LOUIS & S. F. R. CO. v. CASSELBERRY.

(Court of Civil Appeals of Texas. Dallas. June 17, 1911. Rehearing Denied Oct. 7, 1911.)

1. RAILROADS (§ 24*)—AGENTS — SERVICE OF PROCESS.

A station agent, who was the local agent for a railway company owned and operated by defendant, though chartered under a different name, was defendant's authorized representative at the station to receive service of citation for it.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 52–56; Dec. Dig. § 24.*]

2. REMOVAL OF CAUSES (§ 12*)—DIVERSITY OF CITIZENSHIP — JURISDICTION OF FEDERAL COURT.

Where a petition in an employé's action brought in Texas for personal injuries alleged that plaintiff was a resident citizen of Oklahoma, the case should not be removed to the federal court merely on defendant's allegation that it was a citizen of Missouri, duly organized therein; neither of the parties being a resident of the federal district to which removal would have to be made as required by the federal statute regulating such removals.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—INSTRUCTIONS ALREADY GIVEN.

A special charge was properly refused, where the subject was sufficiently covered by the court's general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. § 260.*]

4. TRIAL (§ 244*) — INSTRUCTIONS — CHARGES ON FACTS.

It was improper for an instruction in a personal injury action to refer to the effect of agitation and excitement upon an ordinarily prudent person while acting in an emergency, that being to improperly call the jury's attention to that particular phase of the evidence, though it was authorized to consider those circumstances in determining what was the exercise of ordinary care by plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by J. W. Casselberry against the St. Louis & San Francisco Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. F. Evans, Andrews, Ball & Streetman, and Head, Smith, Hare & Head, for appellant. Wolfe, Maxey, Wood & Haven, for appellee.

RAINEY, C. J. Appellee while engaged in the service of appellant as a brakeman, and while so engaged, was injured by the negligence of appellant's servants. Appellant is a Missouri corporation, and the accident occurred in Oklahoma. Defendant pleaded the general issue, and denied having any representative in Texas. A trial resulted in a verdict and judgment for plaintiff, and defendant appeals.

The first assignment of error complains of the action of the court in overruling appellant's motion to quash the depositions of several witnesses on the ground that proper service of notice had not been given.

[1] Notice had been served on one S. E. Peacock as local agent of defendant, and said Peacock made affidavit that he was not the agent of appellant, but was the local agent of the St. Louis, San Francisco & Texas Railway Company. The agency of Peacock became an issue of fact, and the court held that proper service was had. On this issue the proof was that Peacock was the local agent of the St. Louis, San Francisco & Texas Railway Company; but it further shows that said Texas road was owned and operated by appellant, though chartered under a different name. The facts on this issue are substantially the same as those in the cases of Railway Co. v. Arms, 136 S. W. 1164, and Railway Co. v. Kiser, 136 S. W. 852, in which writs of error have been refused by the Supreme Court. In those cases this court held that service of citation on Peacock as agent of appellant was sufficient and binding, and so in this case we hold that he was the duly authorized representative of appellant, and service of notice on. him was legal, and there was no error in the overruling of the motion to quash depositions as complained of. Buie v. Railway Co., 95 Tex. 51, 65 S. W. 27, 55 L. R. A. 861.

[2] The court did not err in failing to grant appellant's petition for removal of this case to the United States court. The petition alleged that plaintiff was a resident citizen of the state of Oklahoma, and appellant in its petition for removal alleged it was a citizen of the state of Missouri, a corporation duly organized under the laws of said state. This precise question was decided by us adversely to appellant in the case of Railway Co. v. Kiser, supra.

The third and fourth assignments are presented together. The third complains of the fourth paragraph of the court's charge, presenting discovered peril, which charge we think is correct. The fourth complains of the refusal to give a special charge, as follows: "If you believe from the evidence that the plaintiff was seen on the track of defendant's railroad in front of the switch engine, and that the employés of defendant on said engine saw and realized plaintiff's perilous position and made an effort to stop the engine, but by reason of excitement and agitation they failed to accomplish their purpose, you will return a verdict in favor of defendant."

[3] We are of the opinion that the court's charge was all that was necessary under the facts of this case, and there was no error in refusing the special charge. Railway Co. v. Reynolds, 136 S. W. 279.

The sixth assignment raises practically the same question as is raised in the fore-

going. In presenting the issue of discovered peril, we think the court fully informed the jury as to appellant's duty and the care necessary to be exercised by the servants.

[4] In determining what is the exercise of ordinary care, the jury were authorized to consider the effect of agitation and excitement that arises in an ordinarily prudent person upon an emergency, and the mentioning of these in the special charge was emphasizing or rather calling attention of the jury to this particular phase of the evidence, which, under the decisions, was improper.

The sixth assignment complains of the refusal to give the following charge, viz.: "At the request of the defendant, you are instructed that it would not become the duty of the employés operating said engine to undertake to stop same until they recognized and understood that the object which they saw ahead of them, upon the track, was a human being; and in this connection you are further instructed that if you find and believe from the evidence that after said employés, or any of them, who saw said object, recognized and understood that the same was a human being, it was too late to cause said engine to be stopped by the use of the means at hand, you will find for the defendant."

We are of the opinion that this phase of the case was covered by the fourth and fifth paragraphs of the court's charge, and the jury could well have understood that the employés were to use care until plaintiff was recognized, or that the object seen by them was a human being.

We think the seventh assignment is without merit.

The evidence shows that appellee was sitting on defendant's track near the depot at Hugo, Okl. Appellant's employés were doing some switching. Some of them were standing on the footboard of the engine which was moving backwards, and struck appellee and injured him. They saw him in time, by the use of the means at hand, to have prevented hurting him.

The verdict and judgment were warranted under the facts, and the judgment is affirmed.