## ADAMS v. CARTER et al. (No. 6113.)

(Court of Civil Appeals of Texas. San Antonio. June 12, 1918. Rehearing Denied June 24, 1918. Writ of Error Denied June 26, 1918.)

COVENANTS ⊚⟞122—BREACH—EVIDENCE.

Evidence held insufficient to show breach of vendors' covenant to deliver peaceable possession of land, and to defend against paramount claims, incumbrances, and adverse possession.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by W. T. Adams against T. W. Carter and others. From an order dissolving temporary injunction, plaintiff appeals. Affirmed.

James B. Wells, James A. Graham, and Ira Webster, all of Brownsville, for appellant. R. B. Creager, of Brownsville, for appellees.

SWEARINGEN, J. The appellant, W. T. Adams, brought this suit against T. W. Carter, Lemuel Carter, P. T. Carr, and Wm. S. West to recover damages suffered by appellant and caused by appellees' breach of covenant to deliver peaceable possession of lands sold to appellant, and for damages for preventing sale of the land by appellant to one R. T. Stuart. Appellant prayed the court to issue a temporary injunction to prevent the sale of the lands under the terms of the trust deed executed by appellant in favor of Wm. S. West, trustee, for the benefit of the other appellees, which sale was at that time advertised and would be made unless enjoined. A temporary restraining order was issued by the court; but upon a hearing in chambers, wherein evidence was heard from both parties, the court dissolved the temporary injunction. This order, dissolving the temporary injunction, appellant brings before us, by appeal, for review.

It should be stated as a part of the his-

---

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tory of the proceedings in this case that Wm. S. West, the trustee, to execute the powers of the deed of trust, alone answered. The other parties to the suit, who were the beneficiaries in the deed of trust, though served with notice, did not answer nor appear; but these said beneficiaries moved the court to remove the cause to the federal district court, alleging diversity of citizenship, that the suit involved the title to land, and that the cause against the beneficiaries was severable from that of the trustee. Upon the filing of this motion and the bond required by the statute, the state court entered an order of removal of the entire cause to the federal court. After this order of removal, appellant filed his bond and perfected his appeal to this court from the order dissolving the temporary injunction.

The lands were advertised to be sold on June 4, 1918, and this court was requested to issue its original temporary injunction to prevent this sale and to preserve the status quo for protection of our jurisdiction. This original temporary injunction was issued as prayed.

Appellee filed in this court a motion to dismiss appellant's appeal for the reason assigned, that the order of removal by the state court, pursuant to the filing of the motion and bond for removal, automatically deprived the state courts of jurisdiction of this cause, even though the record had not been filed in the federal court. This motion to dismiss was overruled by this court for the reason that it appeared from the pleadings and proof that this was not a removable cause, inasmuch as the plaintiff in the trial court was a citizen of the state of Mississippi, and that the defendants, who claimed diverse citizenship, were citizens of Missouri. Railway v. Kiser, 136 S. W. 852; Railway v. Matlock, 141 S. W. 1069. And we were of the opinion that the petition for removal did not assert a cause of action against the beneficiaries under the deed of trust which was severable from that asserted against the trustee, who holds the legal title to the land. Miller v. Clifford, 133 Fed. 880, 67 C. C. A. 52, 5 L. R. A. (N. S.) 49. We were of the opinion that under the facts the state court was not divested of jurisdiction. M., K. & T. Ry. v. Smith, 164 S. W. 885; Railway v. Bacon, 236 U. S. 305, 35 Sup. Ct. 357, 59 L. Ed. 592; City of Montgomery v. Telegraph Co. (D. C.) 218 Fed. 471.

The original petition alleged that on February 12, 1910, T. W. Carter, Lemuel Carter, and Peyton T. Carr, by general warranty deed, conveyed to appellant a certain tract of land, containing 9,694.5 acres situated in Cameron county, Tex.; that by this warranty deed the said Carters and Carr obligated themselves to convey and to forever defend the title and possession to all of the said land, and to deliver the actual possession thereof to appellant, and covenanted that the same was unincumbered and wholly free

from the adverse claim and possession of all persons; that at the time of the execution of the deed Henry Turner and Josiah Turner, Jr., were in actual possession of all the land, claiming that they were the owners of an undivided one-half thereof; that they were married and resided upon the land with their families, and had resided upon the said land claiming same continuously for more than 35 years, and that notwithstanding all the efforts of appellant, he has been unable to enter into the actual possession of said land, or any part thereof. From this failure of appellees to deliver actual possession of the property, appellant alleges that he has suffered damages which flow from several sources, viz.: (a) He could not sell the property, thereby not only losing a large prospective profit, but was about to lose the partial payments made on the purchase price of the land, the interest and taxes paid, and would probably suffer a deficiency judgment against him. (b) In his efforts to secure the actual possession of the land, which appellees obligated themselves to deliver and defend, he had necessarily spent large sums of money for his own expenses, costs of guards, agents, court procedure, and attorneys. The petition alleges in effect that appellees ought not to be permitted to force appellant to pay the notes given by him for the deferred payment of the purchase price, because of this failure of appellees to comply with their covenant to put appellant in actual possession of the land, and further substantially alleges that the damages suffered by appellant ought to be offset against the amount of the purchase-money notes; that this offset is a right to which appellant is lawfully entitled, but also because appellees are nonresidents of this state and have no property in Texas. It is also alleged that the agent of appellees knew when he induced appellant to purchase that Henry and Josiah Turner, Jr., were in actual adverse possession of the land claiming it as their own, but that said agent withheld this information for the purpose of deceiving appellant; that this deception was fraud which induced appellant to purchase the land. Appellant does not seek a rescission of the sale, but asks for damages for the fraud. The petition alleges that the purchase price he contracted to pay for the land was about $26 an acre, and that the actual and market value of the land is $50 an acre. It is also alleged that the property was purchased for resale, which appellees knew, and that a sale was actually procured by appellant to one R. T. Stuart, but prevented by the wrongful acts of appellees. Appropriate relief was prayed for, as well as that the sale under the deed of trust be stopped.

The following statement of the substance of one of appellant's allegations is made out of its logical order in order to emphasize it in accordance with our idea of its material bearing upon our disposition of this case.

The allegation is that appellant filed a suit in trespass to try title against Henry and Josiah Turner, Jr., and their wives, in which answers were filed by the defendants; that the trial resulted in a judgment against the Turners vesting the title and possession of all this land in appellant. As above stated, the beneficiaries in the deed of trust, T. W. Carter, Lemuel Carter, and P. T. Carr, did not answer, but instituted removal proceedings. The trustee, Wm. S. West, answered by general demurrer and a general and special denials. He specially answered alleging the execution of the warranty deed by the said Carters and Carr, the payment of part of the purchase price, and the execution by appellant of the notes for the deferred payments. The notes were described and maturity alleged. The deed of trust was alleged as well as the advertisement of the sale of the lands in pursuance of the terms of the deed of trust. Fraud of the agent was denied. It was alleged that the Turners had no valid claim to the land and that their possession was not adverse, but on the contrary that appellant could at any time have obtained exclusive pedal possession of the lands sold, and did in fact without contest obtain a judgment for the land and a writ of possession, which judgment is a final judgment. It was denied that a sale to Stuart was prevented.

It was alleged that with full knowledge of the character of the possession of the Turners appellant made partial payment on the notes, paid the interest, and obtained grants of numerous extensions of the maturity of the said notes and never once complained of any adverse possession, by reason of which appellant is estopped to claim damages, or to resist the payment of the notes.

The execution of the warranty deed, the notes, and the deed of trust, the various written agreements for extending maturity of the notes was admitted. Partial payment on the amount of the notes and interest, and payment of taxes, was also proven without dispute. All the notes were past due. The evidence also shows that Henry Turner and Josiah Turner, Jr., and their families were in actual possession of a part of the land, and had been using same continuously as their homes for 35 years at the time of the sale, and that they were enjoying such possession at the time of the hearing of this cause. There is undisputed evidence that the said Turners claimed to own one-half of the land by inheritance from their mother; but the evidence shows that Anatacio Trevino willed this land to his daughter, Tomasa, who married Josiah Turner, Sr., which will was duly probated. The mother of Henry Turner and Josiah Turner, Jr., was a daughter of Trevino but was pretermitted by the will. It further appears that in 1906 Henry Turner and Josiah Turner, Jr., joined by their wives, conveyed their interest in the land in controversy to their uncle, in consideration of other lands which they received from their uncle, Josiah Turner, Sr. Prior to the sale to appellant in 1910, both Henry Turner and Josiah Turner, Jr., had attorned to T. W. Carter, Lemuel Carter, and P. T. Carr, and evidenced that they occupied the land as tenants of the Carters and Carr by a written lease. In 1906 both Henry Turner and Josiah Turner, Jr., executed a confirmation deed to Josiah Turner, Sr., in which they attorned to him as their landlord. Josiah Turner, Sr., was the granter to the Carters and Carr.

In 1914 a forcible detainer suit by appellant against Henry Turner and Josiah Turner, Jr., was settled by agreement of the parties, which agreement was evidenced by a written agreement, by the terms of which the said Turners attorned to appellant as their landlord and bound themselves to surrender possession of the property to appellant at the expiration of the term of the lease period. In 1915 appellant instituted the trespass to try title suit alleged against Henry Turner and wife and Josiah Turner, Jr., and wife. The defendants employed an attorney and filed answers in that suit consisting of general demurrer, plea of "not guilty," and special pleas of limitation of three, five, and ten years. Upon a trial, December 6, 1917, judgment was rendered for appellant, by which he was awarded the land and a writ of possession. No appeal was taken from that judgment. Appellant never attempted to go into possession of the land except by his tenants, two of whom were the said Turners, whose tenancy was reduced to writing at the times above mentioned. At one time surveyors were prevented by Henry Turner and Josiah Turner, Jr., from making some kind of a survey until guards were employed by appellant, after which the survey was made.

There is no evidence to support the plea of fraud, which induced appellant to purchase, nor is there any evidence that the sale to Stuart was prevented by the Carters and Carr.

From the foregoing allegations and evidence we conclude that T. W. Carter, Lemuel Carter, and Peyton Carr did covenant to deliver peaceable possession of all the land to appellant, and did covenant against paramount claims, incumbrances, and adverse possession. We find, however, that this covenant was not broken. The decree in the trespass to try title suit conclusively shows there was no paramount adverse title. The various tenancy agreements conclusively show the possession of the said Turners was only that of tenants. Upon the execution of the tenancy agreement in 1914, when the forcible detainer suit was settled, appellant was in actual possession of the land through his tenants, Henry Turner and Josiah Turner, Jr. Since the vendors were guilty of no breach of any covenant, there is no reason

'why they should not be permitted to have the contract expressed in the deed of trust performed strictly in conformity with the terms therein expressed. The deed of trust authorizes the sale of the land by the trustee if default is made by appellant on the payment of the notes when due. The notes were due and unpaid.

In our opinion the trial court properly dissolved the temporary injunction restraining the sale by the trustee.

The judgment of the trial court is affirmed.