SOUTHWESTERN GAS & ELECTRIC CO. v. RAINES. (No. 2175.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 13, 1919. On Motion for Rehearing, Jan. 29, 1920.)

On Motion for Rehearing.

1. REMOVAL OF CAUSES ⬤⟞12—SUIT FILED IN FEDERAL DISTRICT WHICH IS NOT LEGAL RESIDENCE OF EITHER PARTY NOT REMOVABLE.

Under U. S. Comp. St. §§ 1010, 1035, a suit filed in a state court located in a federal district which is not the legal residence of either of the parties is not removable.

2. DAMAGES ⬤⟞131(5)—$2,500 NOT EXCESSIVE FOR INJURIES RESULTING IN PREMATURE BIRTH OF CHILD.

For injury sustained by plaintiff's wife resulting in premature birth of a child, a verdict of $2,500 held not excessive.

Hodges, J., dissenting in part.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by Carrie L. Raines against the Southwestern Gas & Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Arnold & Arnold, of Texarkana, Ark., for appellant.

E. A. Smitha and Mahaffey, Keeney & Dalby, all of Texarkana, for appellee.

HODGES. J. The appellee, a citizen of Miller county, Ark., filed this suit in the district court of Bowie county, Tex., against the appellant, the Southwestern Gas & Electric Company, a corporation organized under the laws of the state of Delaware. The defendant is engaged in the business of operating a street car system extending across the state line separating Texas and Arkansas and into both Bowie and Miller counties. The purpose of this suit is to recover the sum of $10,000 as damages for the personal injuries sustained by the plaintiff's wife, which it is claimed resulted from the negligence of one of the appellant's employés in suddenly starting a street car while she was in the act of

taking passage thereon. At the proper time the appellant filed a petition accompanied by the required bond, asking that this case be removed from the state court into the federal court, upon the ground of diversity of citizenship of the parties. In that petition the appellant named three federal districts any one of which would be satisfactory to it: The Eastern district of Texas, the one in which the suit was pending; the Western district of Arkansas, where the plaintiff resided; and the district composed of the state of Delaware, the legal residence of the appellant. The prayer of the petition was that the case be removed to the district first named; but, if the court should be of opinion that such district was not the proper one, then that the case be removed to the Western district of Arkansas; and, if the court should determine that the latter was not the proper district, then that the case be transferred to the federal court in the district composed of the state of Delaware. The application for removal was refused, and a trial before a jury resulted in a verdict and judgment in favor of the plaintiff for the sum of $2,500.

In addition to assignments which assail the judgment upon various grounds, the appellant attacks the ruling of the court in refusing its application for removal. Logically, that is the first question that should be discussed. In justifying the action of the trial court, counsel for appellee contend that, as this suit was filed in the local court of a state situated in a federal district which was not the legal residence of either of the parties, it was not removable under the terms of the federal laws upon that subject. As supporting that proposition, we are referred to the following cases: Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; Ry. Co. v. Kiser, 136 S. W. 852; Ry. Co. v. Casselberry, 139 S. W. 1161; Ry. Co. v. Matlock, 141 S. W. 1069; Adams v. Carter, 204 S. W. 781; Ry. Co. v. Kitchen, 98 Ark. 507, 136 S. W. 970, 50 L. R. A. (N. S.) 828. In the Wisner Case it was held that under the provisions of the United States statute, in its amended form, an action commenced in a state court by a citizen of another state against a nonresident defendant who is a citizen of a state other than that of the plaintiff cannot be removed by .the defendant into the federal court of the district where the suit is pending. In that case, Wisner, a citizen of Michigan, filed a suit in the state court of Missouri against Beardsley, a citizen of the state of Louisiana. Upon the application of Beardsley, the case was removed to the federal court in the district in Missouri where the suit was pending. After the transfer had been made, the plaintiff's motion to remand was denied by the federal court, and that ruling was reviewed in the Supreme Court of the United States upon an application for a mandamus to compel the circuit judge to

remand to the state court. That holding of the Supreme Court is based upon the ground that inasmuch as that case could not, under the law as amended, have been filed in the federal court of the district in which that suit was pending, that court could not assume jurisdiction upon a removal from the state court. In other words, a case cannot be carried into a federal court, under the privilege of removal, which could not originally have been filed in that court. Chief Justice Fuller, who wrote the opinion, went so far as to hold that the lack of jurisdiction in that instance was fundamental and could not have been waived by the parties to the suit had they consented that the case might be tried in the United States court of the district. However, in an opinion rendered by Justice Brewer in a subsequent case, In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, that ruling was modified, a majority of the court holding that those provisions of the statute which designate the district in which suits may be tried in the federal courts, where jurisdiction depends upon diversity of citizenship, should be construed merely as fixing the venue, and that the parties might by agreement have the case tried outside of the districts mentioned in the statute.

We do not regard the Wisner Case, or any of the other cases referred to above, as decisive of the question here presented. Those cases, while furnishing precedents for holding that this case could not, over the objection of the plaintiff or without his consent manifested in some form, have been transferred into the federal court of the 'district where the suit was pending—that is, the Eastern district of .Texas—do not decide that it should not have been transferred to the federal court for the Western district of Arkansas, the place where the plaintiff resided. That question was not involved in any of those cases; and, so far as we have ascertained, it has not been passed upon directly by the Supreme Court of the United States or by our state Supreme Court. The subordinate federal courts have disagreed upon the proposition, as will be seen from the cases referred to in Eddy v. Ry. Co. (D. C.) 226 Fed. 120. We therefore feel at liberty to regard the question as still an open one, and shall discuss it accordingly.

The appropriate provisions of the federal law on the subject of the removal of causes from state courts into the District Courts of the United States, as amended, are as follows:

Section 991 (1) of the U. S. Compiled Statutes of 1913 provides that—

"District courts shall have original jurisdiction as follows: * '* * Where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) arises under the constitution or. laws of the United States, or treaties made,

or which shall be made, under their authority, or (b) is between citizens of different states, or (c) is between citizens of a state and foreign states, citizens, or subjects."

Section. 1010, after giving the right of removal in a class of cases dissimilar to .the present, continues:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. And when in any suit mentioned in this connection there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

Section 1011 provides:

"Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such state court at the time, or at any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety," etc.

It will be observed that section 991, quoted above, prescribes the general jurisdiction of District Courts based alone upon diversity of citizenship; section 1010 confers the right of removal in the class of cases mentioned; section 1011 prescribes, among other things, the method of procedure. It is clear from the record in this case that this controversy at its inception is one in which the suit might have been brought in the federal court, and belongs to a class of cases which, if brought in a state court, may be removed into a federal court. It has all the essentials of a removable case. If it had been filed in' the state court in Miller county, Ark., undoubtedly it might have been removed to the federal court of that district upon the application of the defendant, because that district would have been the "proper district," being the one in which the plaintiff resided. It also would have been the district in which the suit was pending. Every requirement of the statute could have been literally complied with. But the question is: Does the case become nonremovable solely because the suit was filed by the plaintiff in a state court located in a district and state other than that in which either of the parties resided? The only reason apparent for so holding is the provision of section 1011 requiring the case, when removable, to be transferred to the District Court of the district in which the suit is pending; and that could not be done without the plaintiff's consent. ·If that be a sufficient reason for saying the case is nonremovable, then in an action of this character it is within the power of the plaintiff, by selecting as the forum a state court situated in a district in which neither of the parties resides, to deprive the defendant of his legal right to have the case transferred and tried in a court of the United States. We are of the opinion that in framing the law Congress intended no such consequences; nor do we think a proper. construction of the law on the subject of removal will permit such results. Whether or not a suit between citizens of different states may be removed from a state court into a federal district court must be determined by the amount in controversy, and not by the forum which the plaintiff may arbitrarily select for filing his suit.

The privilege of a defendant to have a case removed into a United States court and to have his rights determined by the laws of the United States is a valuable right of which he cannot be deprived without his consent, or by reason of his failure to comply with the statutory requirements essential to the enjoyment of that privilege. Section 1010, which confers the right of removal, provides that when the petition is granted the case shall go to the "proper district," without indicating which is the proper district. In the Wisner Case the court held that a district in which neither of the parties resided was not the proper* district, although it was the one in which the suit was pending and one to which section 1011 required the transfer to be made. This ruling in effect subordinated those provisions to section 1033, which prescribed the venue of suits of that character. A case could' not be transferred to a district which had no original potential jurisdiction of the controversy. Formerly the federal statute provided that a defendant might be sued in any district in which he was found. As long as that remained the law, the present difficulty did not arise. But section 1033 as amended provides that—

"No person shall be arrested in one district for trial in another in any civil action before a District Court; and, except as provided in the six preceding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

In defining the "proper district," Chief Justice Fuller, in the Wisner Case, said:

"As it is the nonresident defendant alone who is authorized to remove, the Circuit Court for the proper district is evidently the Circuit Court of the district of the residence of the plaintiff."

That portion of the opinion in the Wisner Case has not been disturbed. It has been argued in support of the proposition that there can be no transfer to any district outside of that in which the suit is pending, because there is no provision for any procedure of that kind. If Congress had conferred the unqualified right of removal without prescribing any method of procedure, that omission would be sufficient to render the right of removal unavailable. In such an event, the courts would adopt the ordinary rules of pleading so far as applicable in aid of the exercise of the right conferred. But the method of procedure—that of filing a petition and bond—is not so intimately connected with the direction for a transfer of the suit into the district in which it is pending as to become ineffective when the latter provision cannot be complied with. The method of procedure is as it was when the defendant might be sued in any district in which he was found, and when the complication here presented could not have arisen. It cannot be assumed that, by changing the statute with reference to the district in which the defendant might be sued, Congress intended to place a limitation upon the right of removal. Evidently the old method of procedure was designed to apply to all removable cases. There is nothing necessarily involved in the process of transferring a case of this character from a state court into a federal court outside of the district in which the suit is pending so different from that of transferring it to the federal court in that district as to require a different method of procedure. The same form of petition and character of bond may appropriately be used in either instance; hence there was no practical reason for amendment of that provision of the statute. The fact that the proper district is one situated in a different state is of no importance whatever. State lines, when coinciding with federal district lines, present no obstacles to a transfer. It will be observed that in some instances state lines have been disregarded in the formation of such districts.

Without reference to its merits, we are of the opinion that this case should have been transferred to the federal court for the Western district of Arkansas; and the judgment is reversed, and the cause remanded, with instructions that an order to that effect be entered in the court below.

### On Motion for Rehearing.

[1] Upon further consideration, a majority of this court have reached the conclusion that there was error in holding that this case was removable, and have decided that the motion for a rehearing should be granted. That opinion is based upon what is considered the proper construction of the provisions of sections 1011 and 1035 of the U. S. Compiled Statutes (Federal Judicial Code, §§ 29, 53). Section 1011 was quoted in the original opinion and need not be here repeated. Those provisions of section 1035 material to be here considered are as follows:

"When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides. * * * In all cases of the removal of suits from the courts of a state to the District Court of the United States such removal shall be to the United States District Court in the division in which the county is situated from which the removal is made; and the time within which the removal shall be perfected, in so far as it refers to or is regulated by the terms of the United States courts, shall be deemed to refer to the terms of the United States District Court in such division."

The conclusion is that since this case cannot, under the decision in the Wisner Case heretofore referred to, be removed to the District Court of the United States within the territorial limits of which the suit was filed, there is no authority for removing it to any other federal district, and therefore it becomes nonremovable. The writer does not concur in that conclusion.

Prior to the decision of the Wisner Case, the great weight of authority sustained the right of a defendant, when sued in a local court in a state of which neither of the parties was a resident, to have the case removed to the federal court of the district in which the suit was pending.

Judge Dillon, after discussing the various decisions on the subject, says:

"Accordingly, it is now well settled, where the parties are citizens of different states and the other conditions of removability are satisfied, the case may be removed to a federal court, notwithstanding the fact that neither plaintiff nor defendant is a citizen or resident of the state where the suit is brought, or the district within the territorial jurisdiction of the federal court to which it is transferred."

Moon, in his work on the Removal of Causes (section 65), says:

"The clause of the removal act now under consideration refers to jurisdiction as such, and not to the venue of actions. A suit may be removed from a state court to the United States Circuit Court for the district in which the cause is pending in the state court, without regard to the question whether the venue of an original suit would properly be in the United States Circuit Court for that district."

That conclusion seems to be the logical inference from the statutory provisions relating to the subject of removal. Section 1010 of the

U. S. Compiled Statutes (Judicial Code, § 28), which confers upon a nonresident defendant the right to remove a case from a state court into a federal court, specifies the character of case in which that right may be exercised, and the only conditions required are that the defendant shall be a nonresident of the state in which he is sued, and the amount in controversy not less than $3,000. That section does not prescribe the mode of procedure or name the federal district into which the case shall be transferred when taken from the state court. It merely provides that it may be removed into the District Court of the United States for the "proper district." Section 1011, previously quoted, prescribes the procedure and directs that the case shall be transferred to the District Court for the territory in which the suit is pending. Section 1035 specifies the division of that district to which the case shall be sent. Clearly, Congress had the power not only to confer upon the nonresident defendant the right to have a suit against him removed from a state court into a federal court and there tried, and to prescribe the conditions under which that right might be exercised, but it also had the power to designate the district into which the transfer should be made. The question then is: Where did Congress intend to place the venue of cases transferred from state courts into federal courts?

If there were no other provisions of the federal statute relating to venue besides those just referred to, the question would be easily answered, and no difficulty would arise in concluding that this is a removable case, and that upon proper application should be transferred to the federal court for the Eastern district of Texas and to that division of the district which includes Bowie county, where the suit was pending. That conclusion would be in harmony with the views of the text-writers quoted above and the authorities which they cite. The confusion upon that subject arose when the Supreme Court of the United States in the Wisner Case held that, when a nonresident defendant was sued in a state court situated in a federal district in which neither of the parties resided, the case could not be removed to the federal court of that district. That ruling was not based upon the ground that a suit, when filed in a district in which neither of the parties resided, thereby became nonremovable, but upon the ground that the district in which the suit was pending was not the "proper district" referred to in section 1010 of the U. S. Compiled Statutes (Judicial Code, § 28). I have quoted in the original opinion the language of Chief Justice Fuller which makes that inference clear. He discusses and quotes section 1033, which fixes the venue of original suits between parties who reside in different states. Because of the language of that section, which fixes the venue of original suits

between citizens of different states in the district of the residence of either the plaintiff or the defendant, he concluded that no other federal court except those there designated had the judicial power to try the case, even though both parties consented that it might do so. The legal effect of that ruling after its modification in Re Moore, herein previously referred to, is to say that a suit otherwise removable pending in a state court situated in a district in which neither of the parties reside cannot be removed to the federal court of that district because it would not be the "proper district," and not because that court would not have the judicial power to try the case by consent of the parties.

In determining which is the "proper district," the court in the Wisner Case gives effect to the provisions of section 1033, ignoring sections 1010 and 1035. The diversity of opinion among the subordinate courts which followed the rendition of that decision is due to the varying constructions placed by them upon the ruling there made. If the Supreme Court in that instance intended to hold that, when a nonresident defendant was sued in the local courts of a state situated in a federal district where neither of the parties resided the case became one which is not removable, it had a most favorable opportunity for disposing of the case upon that ground; but, instead of so holding, it directed a remand of the case to the state court because the federal court to which it had been removed was not in the "proper district." This ruling was made notwithstanding it was the district designated by section 1011 and because it was not the district specified in section 1033. If section 1011 may be ignored because in conflict with section 1033, it yields to the extent of that conflict and no further. Its remaining provisions must be given full effect, and so must all of the other provisions relating to the subject of the removal of cases. Again, if those provisions of section 1011 which designate the district to which the case should be removed are to be considered inapplicable to suit a suit, then the law upon the subject would be the same as if those provisions had never been enacted. But it cannot be contended with any show of reason that, if those provisions had been entirely omitted from the statute, this suit would not be removable to the "proper district." The Wisner Case has been so radically modified by subsequent decisions of the federal Supreme Court that its value as a precedent has been seriously impaired, if not totally destroyed. It is by no means certain that it will not ultimately be overruled when the proper occasion arises. While differing with my Associates upon the question of removal, we all agree that upon its merits this case should be affirmed.

[2] The contention is made by the appellant that the evidence does not support the

finding that appellee's wife was injured to the extent and in the manner alleged by falling against some object protruding from the door, or that her injuries resulted in the consequences claimed; that is, the premature birth of a child. The evidence relating to those issues was conflicting, and we cannot say that the verdict of the jury is without support. Both the appellee and his wife testified to the essential facts; and, while there was other testimony tending strongly to impeach them, we cannot say that the issue was not one for the jury to decide. Neither do we think that the verdict is excessive if the injuries inflicted were as serious as the testimony justified the jury in believing.

The motion for a rehearing is granted, and the judgment will be affirmed.